## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> LINKS OF LONDON, INC., <br><br> Debtor. | Chapter 7 <br><br> Case No. 18-12365 (CSS) |
| DAVID W. CARICKHOFF, solely in his capacity as the Chapter 7 Trustee of the estate of LINKS OF LONDON, INC., <br><br> Plaintiff, <br><br> v. <br><br> 24 SEVEN, LLC, <br><br> Defendant. | Adv. Pro. No. |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550**

David W. Carickhoff, solely in his capacity as the chapter 7 trustee (the "Trustee" or the "Plaintiff") of the estate of Links of London, Inc. (the "Debtor"), by and through his undersigned counsel, files this complaint (the "Complaint") against 24 Seven, LLC (the "Defendant") to avoid and recover preferential and/or fraudulent transfers made to the Defendant. In support of this Complaint, Plaintiff alleges as follows:

### NATURE OF THE CASE

1. The Plaintiff seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy case of the

Debtor pursuant to sections 547, 548 and 550 of title 11 of the United States Code (the "Bankruptcy Code").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

5. The statutory predicates for the relief sought herein are sections 547, 548 and 550 of the Bankruptcy Code and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6. Pursuant to Rule 7008 of the Bankruptcy Rules and Rule 9013-1(f) of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff consents to entry of final orders and judgment by the Court in this adversary proceeding.

## BACKGROUND AND PARTIES

7. On October 18, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

8. The Trustee was appointed as chapter 7 trustee of the Debtor's estate.

9. Prior to the Petition Date, the Debtor was engaged in the business of selling "Links of London" and "Folly Follie" brand jewelry and accessories in the United States. Sales of Links of London and Folly Follie brand jewelry and accessories abroad and online are conducted by certain non-debtor foreign affiliates. The Debtor sold the jewelry and accessories

via various brick and mortar stores located throughout New York City and Las Vegas and from kiosks located in certain Bloomingdale's department stores.

10. The Debtor's principal place of business was in New York, New York.

11. As of the Petition Date, the Debtor estimated assets valued at between $1 million and $10 million and liabilities valued at between $10 million and $50 million.

12. Upon information and belief, the Defendant was, at all relevant times, a vendor or creditor that provided services to the Debtor. Upon further information and belief, the Defendant has an address of 105 Maxes Road, Suite 201, Melville, New York 11747.

13. In an effort to maximize the value of the Debtor's estate, with the help of advisors, the Trustee conducted a preliminary review of the Debtor's books and records to determine whether certain pre-petition transfers qualified as avoidable transfers pursuant to chapter 5 of the Bankruptcy Code.

14. During the ninety (90) days before and including the Petition Date, that is between July 20, 2018 and October 18, 2018 (the "Preference Period"), the Debtor continued to operate its business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

15. Upon information and belief, during the course of their relationship, the Defendant and the Debtor entered into agreements for the purchase of services by the Debtor from the Defendant, which are evidenced by one or more contracts, purchase orders, invoices, communications and other documents (collectively, the "Agreements").

16. The Debtor made transfers of an interest of the Debtor's property to or for the benefit of the Defendant during the Preference Period through payments aggregating $105,715.88, as set forth on Exhibit A hereto (each a "Transfer" and collectively, "Transfers").

The details of each Transfer are set forth on <u>Exhibit A</u> attached hereto and incorporated by reference.

17. Plaintiff is seeking to avoid all of the Transfers and any other unknown transfers of interests of the Debtor's property made by the Debtor to or for the benefit of the Defendant within the Preference Period.

18. Prior to Plaintiff filing this Complaint, Plaintiff performed his own preliminary due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant. Plaintiff reviewed, *inter alia*, the Debtor's Schedules, books and records provided by the Debtor, and any proofs of claim filed by Defendant.

19. Defendant filed a proof of claim on January 4, 2019 (No. 18), including invoices for alleged services provided to the Debtor. On January 4, 2019, Defendant withdrew Claim No. 18, asserting an error on the claim form. In addition, on September 30, 2020, Plaintiff's counsel sent an email to Defendant advising of the Transfers and requesting Defendant to contact Plaintiff's counsel. No documentation was provided.

20. Upon Plaintiff's review of all available information, Plaintiff has determined that he may avoid all or some of the Transfers. Assuming the Debtor's receipt of the services set forth in certain invoices, Plaintiff has determined that Defendant may allege a subsequent new value defense of $42,503 (the "<u>SNV Defense</u>") to avoidance of the Transfers. Accordingly, Plaintiff has determined that the Plaintiff may avoid at least $63,212.19 of the Transfers even after taking into account Defendant's alleged SNV Defense.

21. Pursuant to section 547(g), Defendant bears the ultimate burden of proof on the SNV Defense and any other affirmative defense to the Transfers. Plaintiff does not concede the

validity of the SNV Defense, reserves all right in connection therewith and leaves Defendant to its burden.

## CLAIMS FOR RELIEF

### First Claim for Relief
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

22. The Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

23. During the Preference Period, the Debtor made Transfers to or for the benefit of the Defendant in an aggregate amount not less than the amount set forth on <u>Exhibit A</u> hereto.

24. Each Transfer was made from the Debtor, and constituted transfers of an interest in property of the Debtor.

25. The Defendant was a creditor of the Debtor at the time of each Transfer by virtue of supplying goods and/or services to the Debtor for which the Debtor was obligated to pay in accordance with the Agreements.

26. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to the Defendant.

27. Each Transfer was made for, or on account of, an antecedent debt owed by the Debtor to the Defendant before the Transfers were made.

28. Each Transfer was made while the Debtor was insolvent. The Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

29. As a result of each Transfer, the Defendant received more than the Defendant would have received (i) through this chapter 7 case; (ii) the Transfers had not been made; and

(iii) if the Defendant received payments on account of such debt under the provisions of the Bankruptcy Code.

30. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

### Second Claim for Relief
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

31. Plaintiff repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

32. To the extent that one or more of the Transfers identified on <u>Exhibit A</u> was not made on account of an antecedent debt, was a prepayment for goods and/or services which were never provided or which the value of such goods and/or services did not constitute reasonably equivalent value in exchange for such Transfer(s), and/or was a debt incurred by an entity other than the Debtor but paid for by the Debtor, Plaintiff pleads in the alternative that the Debtor did not receive reasonably equivalent value in exchange for the Transfers; and

(a) The Debtor was insolvent as of the date of the Transfers, or became insolvent as a result of the Transfers;

(b) The Debtor was engaged, or about to engage, in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; or

(c) The Debtor intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

33. Based the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

### Third Claim for Relief
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

34. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

35. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b) and/or 11 U.S.C. § 548(a)(1)(B).

36. The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

37. Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from the Defendant the Transfer, plus interest thereon to the date of payment and the costs of this action.

### RESERVATION OF RIGHTS

36. During the course of this proceeding, the Plaintiff may learn through discovery or otherwise of additional transfers made to or for the benefit of the Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code.  It is the Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtor to or for the benefit of the Defendant or any other transferee.  The Plaintiff reserves his rights to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revisions to the Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

### CONCLUSION

WHEREFORE, for the foregoing reasons, the Plaintiff demands judgment against the Defendant as follows:

A. Avoiding the Transfers pursuant to 11 U.S.C. §§ 547(b) and/or 548(a)(1)(B);

B. Allowing the recovery of the monetary value of the Transfers, plus interest pursuant to 11 U.S.C. § 550(a);

C. Awarding interest from the date of the Complaint;

D. Awarding attorneys' fees and costs; and

E. Such other and further relief as this Court may deem just and proper.

Dated: October 14, 2020        By:    _____*/s/ Alan M. Root*_____
Wilmington, Delaware                   Alan M. Root (No. 5427)
                                       ARCHER & GREINER, P.C.
                                       300 Delaware Avenue, Suite 1100
                                       Wilmington, DE 19801
                                       Tel: (302) 777-4350
                                       Fax: (302) 777-4352
                                       Email: aroot@archerlaw.com

                                       - and -

                                       Gerard DiConza
                                       ARCHER & GREINER, P.C.
                                       1211 Avenue of the Americas
                                       New York, NY 10036
                                       Tel: (212) 682-4940
                                       Email: gdiconza@archerlaw.com

                                       *Attorneys for David W. Carickhoff, solely in his capacity as the Chapter 7 Trustee of the estate of Links of London, Inc.*

## EXHIBIT A

## TRANSFERS TO DEFENDANT

*Transfers:*

| Payment # | Payment Date | Clear Date | Payment Amount | Description |
|---|---|---|---|---|
| WIRE72718 | 07/27/2018 | 07/27/2018 | 12,258.75 | WIRE |
| PYMT8182018-7 | 08/16/2018 | 08/16/2018 | 21,584.00 | Wire |
| PYMT9252018-8 | 09/25/2018 | 09/25/2018 | 38,368.75 | Wire |
| WIRE101518 | 10/15/2018 | 10/15/2018 | 33,504.38 | WIRE |
| TOTAL | | | $105,715.88 | |